**STATE OF INDIANA**
**IN THE MARION COUNTY SUPERIOR COURT**

| | |
|---|---|
| ENNIS COMMUNICATIONS CORPORATION, ) | 49D010505PL018784 |
| ) | |
| Plaintiff, ) | **Case No.** |
| ) | |
| v. ) | FILED |
| ) | |
| ADVENT CAPITAL MANAGEMENT, L.L.C. et al., ) | (115) MAY 1 0 2005 |
| ) | |
| Defendants. ) | CLERK OF THE |
| | MARION CIRCUIT COURT |

**APPEARANCE BY ATTORNEY IN CIVIL CASE**

Party Classification:   Initiating __X__        Responding ___        Intervening ___

1.  The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):      Plaintiff

2.  Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

| | |
|---|---|
| Names:  Edward W. Harris III | Atty Numbers:  7485-49 |
| James A. Strain | 725-49 |
| Mary T. Doherty | 16692-49 |
| Address: SOMMER BARNARD ATTORNEYS, PC | Phone: (317) 713-3500 |
| One Indiana Square, Suite 3500 | FAX: (317) 713-3699 |
| Indianapolis, IN 46204 | Computer Address: None |

3.  There are other party members (not represented by this attorney):  Yes ___  No _X_

If yes, ___

4.  *If first initiating party filing this case*, the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3): _PL_

5.  I will accept service by FAX at the above noted number: Yes ___  No _X_

6.  This case involves support issues.  Yes ___  No _X_

| Name: _____ | SS# _____ | Name: _____ | SS# _____ |
|---|---|---|---|
| Name: _____ | SS# _____ | Name: _____ | SS# _____ |
| Name: _____ | SS# _____ | Name: _____ | SS# _____ |
| Name: _____ | SS# _____ | Name: _____ | SS# _____ |

7. There are related cases: Yes __ No _X_

| Caption _____ | Case Number _____ |
| Caption _____ | Case Number _____ |
| Caption _____ | Case Number _____ |
| Caption _____ | Case Number _____ |

8. This form has been served on all other parties. Certificate of Service is attached: Yes __ No _X_

9. Additional information required by local rule: __


Edward W. Harris III


James A. Strain


Mary T. Doherty

2

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION · | ) | CAUSE NO.: 49D01-0505-PL-018784 |

EMMIS COMMUNICATIONS CORPORATION,       )
                                     )

      Plaintiff,                          )

      vs.                                )

ADVENT CAPITAL MANAGEMENT, L.L.C.,       )
OPPENHEIMERFUNDS, INC., FROLEY, REVY       )
INVESTMENT COMPANY INC., MERRILL LYNCH       )
INVESTMENT MANAGERS (NJ), NUVEEN ASSET       )
MANAGEMENT, PUTNAM INVESTMENT       )
MANAGEMENT, L.L.C., SHENKMAN CAPITAL       )
MANAGEMENT, INC., OAKTREE CAPITAL       )
MANAGEMENT, LLC, GABELLI ASSET       )
MANAGEMENT COMPANY, FIDELITY       )
MANAGEMENT & RESEARCH COMPANY A/K/A       )
FMR CORP., DAVIS/DINSMORE MANAGEMENT       )
COMPANY, GABELLI ASSET MANAGEMENT       )
(UK) LTD., LORD, ABBETT & CO. LLC,       )
DEUTSCHE ASSET MANAGEMENT AMERICAS,       )
INC., ING INVESTMENTS, LLC (ARIZONA), ING       )
INVESTMENT MANAGEMENT CO. (CT), SG       )
COWEN & CO., LLC, TEALWOOD ASSET       )
MANAGEMENT, INC., SMC CAPITAL, INC.,       )
MORGAN STANLEY INVESTMENT       )
MANAGEMENT INC. (US), PENN CAPITAL       )
MANAGEMENT, INC., BLACKROCK FINANCIAL       )
MANAGEMENT (VALUE), MFC GLOBAL       )
INVESTMENT MANAGEMENT, ST. PAUL       )
TRAVELERS COMPANIES, INC., WELLS FARGO       )
BANK, N.A., PEKIN SINGER STRAUSS ASSET       )
MANAGEMENT INC.,       )
                                     )

      Defendants.                  )

**FILED**

(43)  MAY 1 9 2005

CLERK OF THE
MARION CIRCUIT COURT

## **PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

Plaintiff Emmis Communications Corporation ("Emmis"), pursuant to Rules 30(A),

30(B)(3), 33(C) and 34(B) of the Indiana Rules of Trial Procedure, moves the Court for an order

expediting discovery. The requested discovery is narrowly tailored, and readily can be complied

with in the allotted time requested. Expedited discovery is necessitated by the emergency described in this motion and the accompanying Memorandum of Law of Plaintiff Emmis Communications Corporation In Support of Its Motion for Expedited Discovery.

Specifically, Emmis requests the Court to enter an Order:

1.     Authorizing Emmis to take the following depositions beginning on the dates and times specified below and in accordance with Plaintiff's Notice of Depositions, attached hereto as Exhibit A:

a.     Advent Capital Management, LLC, pursuant to Rule 30(B)(6) of the Indiana Rules of Trial Procedure (hereafter, "Rule 30(B)(6)"): May 31, 2005, at 9:00 a.m.

b.     OppenheimerFunds, Inc., pursuant to Rule 30(B)(6): May 31, 2005, at 10:00 a.m.

c.     Froley Revy Investment Co., Inc., pursuant to Rule 30(B)(6): May 31, 2005, at 11:00 a.m.

d.     Merrill Lynch Investment Managers, L.P., pursuant to Rule 30(B)(6): May 31, 2005, at 1:00 p.m.

e.     Nuveen Asset Management, Inc., pursuant to Rule 30(B)(6): May 31, 2005, at 2:00 p.m.

f.     Putnam Investment Management LLC, pursuant to Rule 30(B)(6): May 31, 2005, at 3:00 p.m.

g.     Shenkman Capital Management, Inc., pursuant to Rule 30(B)(6): May 31, 2005, at 4: 00 p.m.

h.     Oaktree Capital Management, LLC, pursuant to Rule 30(B)(6): June 1, 2005 at 9:00 a.m.

2

i.     Gabelli Asset Management Company d/b/a Gamco Investors, Inc.,

pursuant to Rule 30(B)(6): June 1, 2005, at 10:00 a.m.

j.     Gabelli Asset Management (UK) Ltd., pursuant to Rule 30(B)(6): June 1,

2005, at 11:00 a.m.

k.     Fidelity Management & Research Company a/k/a FMR Corp., pursuant to

Rule 30(B)(6): June 1, 2005 at 1:00 p.m.

l.     Davis-Dinsmore Management Co., pursuant to Rule 30(B)(6): June 1,

2005, at 2:00 p.m.

m.     Lord, Abbett & Co., LLC, pursuant to Rule 30(B)(6): June 1, 2005 at 3:00

p.m.

n.     Deutsche Asset Management Americas, Inc., pursuant to Rule 30(B)(6):

June 1, 2005, at 4:00 p.m.

o.     ING Investments, LLC, pursuant to Rule 30(B)(6): June 2, 2005, at 9:00

a.m.

p.     ING Investment Management Co., pursuant to Rule 30(B)(6): June 2,

2005, at 10:00 a.m.

q.     SG Cowen & Co., LLC, pursuant to Rule 30(B)(6): June 2, 2005, at 11:00

a.m.

r.     Tealwood Asset Management, Inc., pursuant to Rule 30(B)(6): June 2,

2005, at 1:00 p.m.

s.     SMC Capital, Inc., pursuant to Rule 30(B)(6): June 2, 2005, at 2:00 p.m.

t.     Morgan Stanley Investment Management, Inc., pursuant to Rule 30(B)(6):

June 2, 2005, at 3:00 p.m.

3

        u.      Penn Capital Management Company, Inc., pursuant to Rule 30(B)(6):

June 2, 2005, at 4:00 p.m.·

        v.      Blackrock Financial Management, Inc., pursuant to Rule 30(B)(6):  June

3, 2005, at 9:00 a.m.

        w.      MFG Global Investment Management, Inc., pursuant to Rule 30(B)(6):

June 3, 2005, at 10:00 a.m.

        x.      St. Paul Travelers Companies, Inc., pursuant to Rule 30(B)(6):  June 3,

2005, at 11:00 a.m.

        y.      Wells Fargo Bank, N.A., pursuant to Rule 30(B)(6):  June 3, 2005, at 1:00

p.m.

        z.      Pekin Singer Strauss Asset Management, Inc., pursuant to Rule 30(B)(6):

June 3, 2005, at 2:00 p.m.

        Emmis further requests leave to supplement this list of depositions in the event Emmis

obtains information indicating that additional depositions are needed.

        2.      Requiring each defendant to respond to Plaintiff's Request For Production Of

Documents And Interrogatories To All Defendants (the "Discovery Request"), attached hereto as

Exhibit B, to answer or object to the interrogatories, and to produce all requested documents as

to which no objection is made at the offices of Sommer Barnard Attorneys, PC., One Indiana

Square, Indianapolis, Indiana 46204, each within ten (10) days after service of the Discovery

Request upon the defendant.

        As grounds for this motion, Emmis states that on May 16, 2005, it filed its complaint

seeking reformation of its Second Amended and Restated Articles of Incorporation (the "Second

Restated Articles") and declaratory relief to correct a manifest mistake in its Second Restated

                                              4

Articles. Emmis has discovered that the antidilution provisions of its Second Restated Articles
contain a mistake relating to self-tenders. This is a matter of immediate concern because on May
16, 2005, Emmis commenced a self-tender to purchase at a substantial premium over its recent
market price (the "Tender Offer") up to 20,250,000 shares, or 40 percent, of its Common Stock,
which trades on NASDAQ. As explained in the complaint, if the Second Restated Articles are
not deemed corrected, Emmis will be unable to complete the Tender Offer as originally
announced. Rather, Emmis will be forced to reduce the Tender Offer to less than 15 percent of
its Common Stock. The opportunity for shareholders to sell their Emmis Common Stock at a
substantial premium over its market price will be very substantially diminished. Emmis needs to
know whether it can complete its Tender Offer as announced or must proceed on a very reduced
scale.

In further support of this motion, Emmis is filing concurrently its Memorandum of Law
of Plaintiff Emmis Communications Corporation in Support of Its Motion for Expedited
Discovery, and certain supporting affidavits.

Respectfully submitted,

Edward W. Harris III, # 7485-49
James A. Strain, # 725-49
Mary T. Doherty, #16692-49

OF COUNSEL:

SOMMER BARNARD ATTORNEYS, P.C.
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Telephone: (317) 713-3500
Fax: (317) 713-3699

5

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been served this ͺ ٩ day of

May, 2005, by certified mail/return receipt requested, postage prepaid, upon all defendants at

the addresses listed on the summonses to them, as follows:

Merrill Lynch Investment Managers, L.P.
c/o CT Corporation System
111 Eighth avenue
New York, NY 10011

Blackrock Financial Management, Inc.
Attn: Highest Office Found
40 East 52nd Street
New York, NY 10022

Pekin Singer & Strass Asset Management,
Inc.
Attn: Highest Officer Found
311 S. Wacker Dr., #4990
Chicago, IL 60606-6622

The St. Paul Travelers Companies, Inc.
Attn: Highest Officer Found
385 Washington Street
St. Paul, MN 55102-1309

Advent Capital Management, LLC
Attn: Highest Officer Found
1065 Avenue of the Americas
31st Floor
New York, NY 10018

Deutsche Asset Management Americas, Inc.
Attn: Highest Officer Found
222 Riverside Plaza
Chicago, IL 60606-5808

Froley, Revy Investment Co., Inc.
Attn: Highest Officer Found
10900 Wilshire Blvd., #900
Los Angeles, CA 90024

SMC Capital, Inc.
Attn: Highest Officer Found
4350 Brownsboro Road, #310
Louisville, KY 40207

MFS Global Investment Management,
Inc.
Attn: Highest Officer Found
200 Clarendon Street, T-58
Boston, MA 02117

Wells Fargo Bank, N.A.
Attn: Highest Officer Found
420 Montgomery Street
San Francisco, CA 94104-1205

Morgan Stanley Investment Management,
Inc.
Attn: Highest Officer Found
1221 6th Avenue
New York, NY 10020

Davis-Dinsmore Management Company
Attn: Highest Officer Found
65 Madison Avenue, 4th Floor
Morristown, NJ 07960

Fidelity Management & Research
Company
Attn: Highest Officer Found
82 Devonshire Street
Boston, MA 02109

6

Gabelli Asset Management UK LTD.
Attn: Highest Officer Found
5 Princes Gate, London
SW7 1QJ

Lord, Abbett & Co. LLC
Attn: Highest Officer Found
90 Hudson Street
Jersey City, NJ 07302

Oaktree Capital Management, LLC
Attn: Highest Office Found
333 S. Grand Ave., 28th Floor
Los Angeles, CA 90071

Putnam Investment Management LLC
Attn: Highest Officer Found
One Post Office Square
Boston, MA 02109

SC Cowen & Co., LLC
Attn: Highest Officer Found
1221 Avenue of the Americas
New York, NY 10020-1001

ING Investment Management Co.
Attn: Highest Officer Found
230 Park Avenue
New York, NY 10169

Gabelli Asset Management Company
1 Corporate Center
Rye, NY 10580-1422

ING Investments, LLC
Attn: Highest Officer Found
7337 E. Doubletree Ranch Road
Scottsdale, AZ 85258

Nuveen Asset Management
Attn: Highest Officer Found
333 W. Wacker Dr., #3200
Chicago, IL 60606-2290

Oppenheimerfunds, Inc.
Attn: Highest Officer Found
235 Liberty Street, 11th Floor
2 World Financial Center
New York, NY 10281

Shenkman Capital Management, Inc.
Attn: Highest Officer Found
461 Fifth Ave., 22nd Floor
New York, NY 10017

Tealwood Asset Management
Attn: Highest Officer Found
100 South 5th Street, Suite 410
Minneapolis, MN 55402-1229

Penn Capital Management
Attn: Highest Officer Found
52 Haddonfield-Berlin Road
Cherry Hill, NJ 08034

Edward W. Harris III

7

STATE OF INDIANA          )                    IN THE MARION SUPERIOR COURT
                          ) SS:
COUNTY OF MARION ·        )                    CAUSE NO.: 49D01-0505-PL-018784

EMMIS COMMUNICATIONS CORPORATION,          )
                                           )
      Plaintiff,                               )
                                           )
      vs.                                      )
                                           )
ADVENT CAPITAL MANAGEMENT, L.L.C.,         )
OPPENHEIMERFUNDS, INC., FROLEY, REVY       )
INVESTMENT COMPANY INC., MERRILL LYNCH     )
INVESTMENT MANAGERS (NJ), NUVEEN ASSET     )
MANAGEMENT, PUTNAM INVESTMENT              )
MANAGEMENT, L.L.C., SHENKMAN CAPITAL       )
MANAGEMENT, INC., OAKTREE CAPITAL          )
MANAGEMENT, LLC, GABELLI ASSET             )
MANAGEMENT COMPANY, FIDELITY               )
MANAGEMENT & RESEARCH COMPANY A/K/A        )
FMR CORP., DAVIS/DINSMORE MANAGEMENT       )
COMPANY, GABELLI ASSET MANAGEMENT          )
(UK) LTD., LORD, ABBETT & CO. LLC,         )
DEUTSCHE ASSET MANAGEMENT AMERICAS,        )
INC., ING INVESTMENTS, LLC (ARIZONA), ING  )
INVESTMENT MANAGEMENT CO. (CT), SG         )
COWEN & CO., LLC, TEALWOOD ASSET           )
MANAGEMENT, INC., SMC CAPITAL, INC.,       )
MORGAN STANLEY INVESTMENT                  )
MANAGEMENT INC. (US), PENN CAPITAL         )
MANAGEMENT, INC., BLACKROCK FINANCIAL      )
MANAGEMENT (VALUE), MFC GLOBAL             )
INVESTMENT MANAGEMENT, ST. PAUL            )
TRAVELERS COMPANIES, INC., WELLS FARGO     )
BANK, N.A., PEKIN SINGER STRAUSS ASSET     )
MANAGEMENT INC.,                           )
                                           )
      Defendants.                              )

## PLAINTIFF'S NOTICE OF DEPOSITIONS

      PLEASE TAKE NOTICE THAT pursuant to Rule 30 of the Indiana Rules of Trial

Procedure, plaintiff Emmis Communications Corporation will take the depositions upon oral

examination of the individuals listed below at the offices of Sommer Barnard Attorneys, P.C.,

EXHIBIT A

One Indiana Square, Suite 3500, Indianapolis, Indiana 46204, at the (local) times and on the days indicated below, and continuing from day to day until completed.

## Definitions

1. "Emmis Preferred Stock" means the 6.25% Series A Cumulative Convertible Preferred Stock, issued by plaintiff Emmis Communications Corporation and offered for sale pursuant to a Prospectus dated October 26, 1999.

2. "Preferred Amendment" means the Second Amended and Restated Articles of Incorporation of Emmis filed with the Indiana Secretary of State on or about October 29, 1999.

## Rule 30(B)(6) Designation Applicable To All Depositions

1. Each deposition noticed below is of the representative(s) of the listed defendant knowledgeable about (a) said defendant's acquisition(s) and disposition(s) of Emmis Preferred Stock, including all documents and oral communications upon which said defendant relied, reviewed, considered or consulted in connection with each such acquisition and/or disposition ; (b) the Preferred Amendment; and (c) the Prospectus for Emmis Preferred Stock.

2. Each defendant shall designate such representative(s) in accordance with Rule 30(B)(6) of the Indiana Rules of Trial Procedure.

## Depositions

a. Advent Capital Management, LLC, pursuant to Rule 30(B)(6) of the Indiana Rules of Trial Procedure (hereafter, "Rule 30(B)(6)"): May 31, 2005, at 9:00 a.m.

b. OppenheimerFunds, Inc., pursuant to Rule 30(B)(6): May 31, 2005, at 10:00 a.m.

c. Froley Revy Investment Co., Inc., pursuant to Rule 30(B)(6): May 31, 2005, at 11:00 a.m.

2

    d.     Merrill Lynch Investment Managers, L.P., pursuant to Rule 30(B)(6):  May 31, 2005, at 1:00 p.m.

    e.     Nuveen Asset Management, Inc., pursuant to Rule 30(B)(6):  May 31, 2005, at 2:00 p.m.

    f.     Putnam Investment Management LLC, pursuant to Rule 30(B)(6):  May 31, 2005, at 3:00 p.m.

    g.     Shenkman Capital Management, Inc., pursuant to Rule 30(B)(6):  May 31, 2005, at 4: 00 p.m.

    h.     Oaktree Capital Management, LLC, pursuant to Rule 30(B)(6):  June 1, 2005 at 9:00 a.m.

    i.     Gabelli Asset Management Company d/b/a Gamco Investors, Inc., pursuant to Rule 30(B)(6):  June 1, 2005, at 10:00 a.m.

    j.     Gabelli Asset Management (UK) Ltd., pursuant to Rule 30(B)(6):  June 1, 2005, at 11:00 a.m.

    k.     Fidelity Management & Research Company a/k/a FMR Corp., pursuant to Rule 30(B)(6):  June 1, 2005 at 1:00 p.m.

    l.     Davis-Dinsmore Management Co., pursuant to Rule 30(B)(6):  June 1, 2005, at 2:00 p.m.

    m.     Lord, Abbett & Co., LLC, pursuant to Rule 30(B)(6):  June 1, 2005 at 3:00 p.m.

    n.     Deutsche Asset Management Americas, Inc., pursuant to Rule 30(B)(6):  June 1, 2005, at 4:00 p.m.

    o.     ING Investments, LLC, pursuant to Rule 30(B)(6):  June 2, 2005, at 9:00 a.m.

p.     ING Investment Management Co., pursuant to Rule 30(B)(6): June 2, 2005, at

10:00 a.m.

q.     SG Cowen & Co., LLC, pursuant to Rule 30(B)(6): June 2, 2005, at 11:00 a.m.

r.     Tealwood Asset Management, Inc., pursuant to Rule 30(B)(6): June 2, 2005, at

1:00 p.m.

s.     SMC Capital, Inc., pursuant to Rule 30(B)(6): June 2, 2005, at 2:00 p.m.

t.     Morgan Stanley Investment Management, Inc., pursuant to Rule 30(B)(6): June

2, 2005, at 3:00 p.m.

u.     Penn Capital Management Company, Inc., pursuant to Rule 30(B)(6): June 2,

2005, at 4:00 p.m.

v.     Blackrock Financial Management, Inc., pursuant to Rule 30(B)(6): June 3, 2005,

at 9:00 a.m.

w.     MFG Global Investment Management, Inc., pursuant to Rule 30(B)(6): June 3,

2005, at 10:00 a.m.

x.     St. Paul Travelers Companies, Inc., pursuant to Rule 30(B)(6): June 3, 2005, at

11:00 a.m.

y.     Wells Fargo Bank, N.A., pursuant to Rule 30(B)(6): June 3, 2005, at 1:00 p.m.

z.     Pekin Singer Strauss Asset Management, Inc., pursuant to Rule 30(B)(6): June 3,

2005, at 2:00 p.m.

You are invited to attend and cross-examine.

Edward W. Harris III, # 7485-49
James A. Strain, # 725-49
Mary T. Doherty, #16692-49

4

STATE OF INDIANA      )           IN THE MARION SUPERIOR COURT
                      ) SS:
COUNTY OF MARION ·    )           CAUSE NO.: 49D01-0505-PL-018784

EMMIS COMMUNICATIONS CORPORATION,    )
                                      )
      Plaintiff,                   )
                                      )
      vs.                           )
                                      )
ADVENT CAPITAL MANAGEMENT, L.L.C.,    )
OPPENHEIMERFUNDS, INC., FROLEY, REVY    )
INVESTMENT COMPANY INC., MERRILL LYNCH    )
INVESTMENT MANAGERS (NJ), NUVEEN ASSET    )
MANAGEMENT, PUTNAM INVESTMENT    )
MANAGEMENT, L.L.C., SHENKMAN CAPITAL    )
MANAGEMENT, INC., OAKTREE CAPITAL    )
MANAGEMENT, LLC, GABELLI ASSET    )
MANAGEMENT COMPANY, FIDELITY    )
MANAGEMENT & RESEARCH COMPANY A/K/A    )
FMR CORP., DAVIS/DINSMORE MANAGEMENT    )
COMPANY, GABELLI ASSET MANAGEMENT    )
(UK) LTD., LORD, ABBETT & CO. LLC,    )
DEUTSCHE ASSET MANAGEMENT AMERICAS,    )
INC., ING INVESTMENTS, LLC (ARIZONA), ING    )
INVESTMENT MANAGEMENT CO. (CT), SG    )
COWEN & CO., LLC, TEALWOOD ASSET    )
MANAGEMENT, INC., SMC CAPITAL, INC.,    )
MORGAN STANLEY INVESTMENT    )
MANAGEMENT INC. (US), PENN CAPITAL    )
MANAGEMENT, INC., BLACKROCK FINANCIAL    )
MANAGEMENT (VALUE), MFC GLOBAL    )
INVESTMENT MANAGEMENT, ST. PAUL    )
TRAVELERS COMPANIES, INC., WELLS FARGO    )
BANK, N.A., PEKIN SINGER STRAUSS ASSET    )
MANAGEMENT INC.,    )
                                        )
      Defendants.                )

## PLAINTIFF'S REQUEST FOR PRODUCTION
## OF DOCUMENTS AND INTERROGATORIES
## TO ALL DEFENDANTS

EXHIBIT B

Plaintiff Emmis Communications Corporation, ("Emmis"), pursuant to Rules 26, 33 and 34 of the Indiana Rules of Trial Procedure, propounds the following requests for production of documents and interrogatories to each of the defendants (together, the "Discovery Request"). Pursuant to Emmis's motion for expedited discovery, filed concurrently, Emmis requests that each of the defendants answer these interrogatories, under oath, and provide the responsive documents within ten (10) days of service upon them of the summons and complaint and the Court's Order granting Emmis's motion for expedited discovery.

Documents should be produced at the offices of Sommer Barnard Attorneys, P.C., One Indiana Square, Suite 3500, Indianapolis, Indiana 46204.

## Definitions

1.     All entities named or referred to in this Discovery Request shall be deemed to include their parent companies, subsidiaries, affiliates, predecessors, successors, and assigns and their officers, directors, partners, employees and representatives, including attorneys, investment bankers and brokers.

2.     "Emmis" means plaintiff Emmis Communications Corporation and its subsidiaries, affiliates, predecessors, successors, assigns and any of its or their past or present officers, directors, partners, employees, agents and representatives, including attorneys, investment bankers or brokers.

3.     "Emmis Preferred Stock" means the 6.25% Series A Cumulative Convertible Preferred Stock, issued by Emmis and offered for sale pursuant to a Prospectus dated October 26, 1999.

4.     "Preferred Amendment" means the Second Amended and Restated Articles of Incorporation of Emmis filed with the Indiana Secretary of State on October 29, 1999.

2

5.     "You" or "Your" refers to the person or entity to which this Discovery Request is directed, and its subsidiaries, affiliates, predecessors, successors and assigns and its or their officers, directors, partners, employees and representatives, including attorneys, investment bankers and brokers.

6.     "Person" shall mean an individual, firm, partnership, association, corporation, or any other legal, business or governmental entity.

7.     "Document" is used in the broadest sense permitted under Rule 34 of the Indiana Rules of Trial Procedure. It includes all writings of whatever nature, including originals, drafts and nonidentical copies thereof, whether typed, handwritten, printed or otherwise, and all recordings, drawings, graphs, charts, photographs, phonographic or audiotape or videotape records, computer or electronic databases and other data compilations from which information can be obtained.

8.     "Concerning" means relating to, evidencing, recording, reflecting, describing or constituting.

9.     "Communication" means the transmission of information by one or more person(s) and/or between two or more persons by any means, including, without limitation, in writings, telephone conversations, email communications and face-to-face conversations.

10.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Discovery Request all responses that might otherwise be construed to be outside of its scope.

11.    The use of the singular form of any word includes the plural and vice versa.

12.    If any document responsive to this Discovery Request is withheld under a claim of privilege, furnish a list specifying each such document and setting forth the following

3

information: the date of the document, a description of the subject matter of the document, the name(s) and address(es) of each person who prepared, received, viewed and has or has had possession, custody or control of the document, and a statement of the basis upon which the privilege is claimed. If a portion of a document contains information subject to a claim of privilege, only that portion shall be redacted and the remainder shall be produced.

13.     If any document responsive to this Discovery Request has been, but is no longer, in your possession, custody or control because it has been destroyed, discarded or placed outside of your possession, custody or control, you shall furnish a list specifying each such document and setting forth the following information: the date of the document, a description of the subject matter of the document, and the name(s) and address(es) of each person who prepared, received, viewed and has or has had possession, custody or control of the document.

Time Period

The time period covered by this Discovery Request, unless otherwise specified, shall be from October 26, 1999 to the present.

Requests for Documents

1.     All documents concerning communications between you and any person concerning any of the following:

    (a)     Emmis Preferred Stock;

    (b)     the Preferred Amendment;

    (c)     the Prospectus for Emmis Preferred Stock, including without limitation any of the provisions thereof.

Response:

4

2.    All document concerning any of the following:

     (a)    Emmis Preferred Stock;

     (b)    the Preferred Amendment;

     (c)    the Prospectus for Emmis Preferred Stock, including without limitation

any of the provisions thereof.

    <u>Response</u>:

3.    All documents concerning your acquisition, as beneficial holder or otherwise, of Emmis Preferred Stock.

    <u>Response</u>:

4.    All documents concerning any disposition by you (in any capacity) by sale, transfer or otherwise, of Emmis Preferred Stock.

    <u>Response</u>:

<u>Interrogatories</u>

1.    Describe all acquisitions by you (in any capacity whatsoever including without limitation as beneficial holder or otherwise) of Emmis Preferred Stock. For each acquisition by you, your description shall list (a) the name under which you acquired the Preferred Stock; (b) the capacity in which you acquired the Preferred Stock; (c) the date you acquired the Preferred Stock; (d) the number of shares of Preferred Stock acquired by you; and (e) the person(s) from which you acquired the Preferred Stock.

    <u>Answer</u>:

5

2.      For each acquisition you were requested to describe in response to Interrogatory No. 1 above, identify all documents and/or oral communications upon which you relied in making the acquisition. With respect to each document, your identification shall set forth the following information: the date of the document, a description of the subject matter of the document, the name(s) and address(es) of each person who prepared, received, viewed or has or has had possession, custody or control of the document, and a statement whether you have produced the document in response to this Discovery Request. With respect to each oral communication, your identification shall set forth the following information: the date of the communication, a description of the substance of the communication, and the name(s) and address(es) of each person participating in the communication.

Answer:

3.      Describe all dispositions by you (in any capacity whatsoever including without limitation as beneficial holder or otherwise) of Emmis Preferred Stock. For each disposition by you, your description shall list (a) the name under which you disposed of the Preferred Stock; (b) the capacity in which you disposed of the Preferred Stock; (c) the date of your disposition of the Preferred Stock; (d) the number of shares of Preferred Stock disposed of; and (e) the person(s) to which you disposed of the Preferred Stock.

Answer:

4.      For each disposition you were requested to describe in response to Interrogatory No. 3 above, identify all documents and/or oral communications which you supplied or which you received in connection with the disposition. With respect to each document, your

6

Case 1:05-cv-00791-SEB-VSS   Document 1-3   Filed 05/26/05   Page 20 of 20

identification shall set forth the following information: the date of the document, a

description of the subject matter of the document, the name(s) and address(es) of each person

who prepared, received, viewed or has or has had possession, custody or control of the

document, and a statement whether you have produced the document in response to this

Discovery Request. With respect to each oral communication, your identification shall set

forth the following information: the date of the communication, a description of the

substance of the communication, and the name(s) and address(es) of each person

participating in the communication.

Answer:

Edward W. Harris III, # 7485-49
James A. Strain, # 725-49
Mary T. Doherty, #16692-49

Attorneys for Plaintiff
Emmis Communications Corporation

OF COUNSEL:

SOMMER BARNARD ATTORNEYS, P.C.
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Telephone: (317) 713-3500
Fax: (317) 713-3699

7